UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHERRY R. CIBULSKI** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2837** |
| **THOMAS L. MILLER ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] to remand and for attorney's fees and costs filed on behalf of plaintiff, Sherry R. Cibulski. Defendant, Great West Casualty Company, has filed an opposition.[2] For the following reasons, plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

### *BACKGROUND*

Plaintiff, Sherry R. Cibulski ("Cibulski"), filed this lawsuit in the 21st Judicial District Court for the Parish of Tangipahoa alleging that she suffered severe injuries when her automobile was violently struck by a 2007 International Tractor Truck owned by defendant, Core Carrier Corporation ("Core Carrier"), and operated by defendant, Thomas L. Miller ("Miller").[3] Also named as defendants were Great West Casualty Company ("Great West") and USAgencies Casualty Company ("USAgencies").[4] Cibulski alleges that, at the time of the accident, Great West had in effect a policy of liability insurance covering Core Carrier and Miller and that USAgencies had issued to her a policy of uninsured/underinsured motorist insurance ("UM insurance").[5]

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 8.
[3] R. Doc. No. 1-3, at ¶¶ 2-3.
[4] *Id.* at ¶ 1.
[5] *Id.* at ¶¶ 9-10.

1

Great West removed the lawsuit to this Court claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6]  Great West alleges that the only non-diverse defendant, USAgencies, was improperly joined because Cibulski did not plead a lack of insurance in order to recover against the UM insurer and, alternatively, because there is no reasonable basis to predict that she will be able to recover damages exceeding the underlying coverage in the liability policy issued by Great West.[7]

Cibulski filed the present motion to remand this case to state court on the ground that USAgencies was not improperly joined.[8]  Cibulski contends that she was unaware of the limits of the Great West insurance policy prior to filing her complaint and that Great West has come forward with no evidence establishing the limits of coverage.[9]  Cibulski also contends that even if the limits of the Great West policy exceed $1 million, her claim against USAgencies is not improper because USAgencies is solidarily liable for her damages and will be responsible for her damages in the event of insolvency of the other defendants.[10]  Cibulksi also seeks an award of attorney's fees and costs for the filing of the motion to remand.[11]

Great West responds that USAgencies was improperly joined because Core Carrier and Miller were insured by Great West for damages up to $1 million and, it claims, there is additional excess coverage in the amount of $14 million.  Great West argues that Cibulski would have to prove more than $15 million in damages in order to recover against her UM insurer's $15,000 policy.[12]

### STANDARD OF LAW

---

[6] *See* R. Doc. No. 1.
[7] *Id.* at ¶ 8.
[8] *See* R. Doc. No. 7.
[9] *See id.*
[10] *See id.*
[11] *See id.*
[12] *See* R. Doc. No. 8.

**I. Remand**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 WL 479719, at *1 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**II. Improper Joinder**

Great West asserts that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because USAgencies has been improperly joined in Cibulski's lawsuit. There are "two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).[13] In *Smallwood*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder as follows:

---

[13] The Fifth Circuit in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder." 385 F.3d at 571 n.1. Having reviewed the notice of removal (R. Doc. No. 1, at ¶ 8) and the opposition to the motion to remand (R. Doc. No. 8, pp. 3-4), it appears that only the second method of establishing improper joinder is at issue. Great West contends that removal was proper because plaintiff failed to state a cause of action and/or cannot plausibly recover against the in-state defendant. Although Great West also suggests that plaintiff should have been aware of the underlying coverage limits, it has not gone so far as to argue that there was "actual fraud" in the pleading of jurisdictional facts, nor has there been any showing of "actual fraud" on this record. Accordingly, the Court will consider only whether removal was proper based on the second method of establishing improper joinder.

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004).

"The burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). When determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549). "The court must also resolve all ambiguities in the controlling state law in the plaintiff's favor." *Id.*

### III. Claims Against Uninsured/Underinsured Motorist Insurer ("UM")

Louisiana has a strong public policy in favor of UM coverage, evidenced by statutes imposing UM coverage regardless of policy language or party intentions unless expressly waived in writing. *Duncan v. U.S.A.A. Ins. Co.*, 950 So. 2d 544, 547 (La. 2006). The Louisiana

Supreme Court has stated, "The object of UM insurance is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance." *Id.*

Under Louisiana law, a solidary obligation exists between UM insurers and tortfeasors, arising "either when the tortfeasor is uninsured or when the tortfeasor's liability coverage is less than the amount of damages sustained by the tort victim." *Fertitta v. Allstate Ins. Co.*, 462 So. 2d 159, 162 (La. 1985). Solidary obligations allow the creditor to demand payment of the entire debt from either obligor and, therefore, conform with the purpose of UM coverage to promote full recovery for the victim.[14] *See id.* at 163. Between insurers, the obligation of the UM carrier is secondary to the obligation of the tortfeasor's liability insurer. *Edwards v. Dairyland Ins. Co.*, 560 So. 2d 95, 99 (La. Ct. App. 3d Cir. 1990). To recover against UM insurers, claimants must plead and prove the alleged tortfeasor's lack of insurance. *Keller v. Amedeo*, 512 So. 2d 385, 386 (La. 1987); *Clement v. Trinity Universal Ins. Co.*, 515 So. 2d 651, 651 (La. Ct. App. 3d Cir. 1987) ("The lack of insurance on the offending vehicle and its driver is a condition precedent to the applicability of the UM endorsement and a matter which the claimant must plead and prove in order to recover from the UM carrier.").

## DISCUSSION

**I. Improper Joinder**

Great West first argues that the Court should disregard the citizenship of USAgencies and find that it was improperly joined on the ground that Cibulski's complaint does not state a claim against USAgencies. Great West relies on the Louisiana Supreme Court's ruling in *Keller v. Amedeo* that "the claimant must plead and prove lack of insurance in order to recover in a UM

---

[14] Payment by one of the solidary obligors is credited against the obligation and reduces the amount owed by the other solidary obligor to the creditor. *Clement v. Trinity Universal Ins. Co*., 515 So. 2d 651, 653 (La. Ct. App. 3d Cir. 1987).

5

case." 512 So. 2d at 386. The complaint in this case alleges that "[a]t all times material hereto, USAgencies Casualty Insurance Company had in full force and effect a policy of uninsured/underinsured motorist insurance issued to Sherry R. Cibulski, insuring against the negligent operation of a vehicle which was uninsured/underinsured." (R. Doc. No. 1-3, at ¶ 10). A reasonable interpretation of this allegation would suggest that it does, in fact, plead a lack of insurance because it explicitly states that UM coverage exists with respect to "the negligent operation of a vehicle which was uninsured/underinsured." *See id.* In any event, Great West has not provided, and the Court's research has not revealed, any cases suggesting that the language in plaintiff's complaint is legally deficient for the reasons asserted by Great West. *See Allen v. Occidental Fire & Cas. Co.*, No. 11-2806, 2012 WL 1118764, at * 3 (E.D. La. Apr. 3, 2012) (Vance, J.) (citing *Bingham v. Wilson*, No. 08-3593, 2008 WL 4286841, at *3 (E.D. La. Sept. 16, 2008) (Africk, J.)).

Great West next argues that USAgencies was improperly joined because there is no reasonable basis to predict that Cibulski might be able to recover against USAgencies. Great West contends that Miller and Core Carrier are insured for damages up to $1 million and that there is additional excess coverage of $14 million. Great West contends that Cibulski would have to recover more than $15 million in damages in order to recover against her UM insurer's $15,000 policy. Great West argues that Cibulski has made no allegations that would suggest that her recovery would be greater than the underlying coverage in this matter.

As previously stated, it is well established that when challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof and doubts concerning removal are to be construed against removal and in favor of remand to state court. Although the Court may look beyond the pleadings in an improper joinder analysis to consider

summary judgment-type evidence, Great West has come forward with no evidence, beyond mere argument in its memoranda, establishing that Core Carrier did, in fact, have $1 million of underlying liability coverage plus $14 million in excess coverage. *See Rivere v. Leonhardt*, No. 10-2743, 2010 WL 4553521, at * 2 (E.D. La. Oct. 28, 2010) (Lemelle, J.) (noting that defendant failed to provide evidence of the policy or its coverage limits); *see also Bingham*, 2008 WL 4286841, at *4 (declining to consider unsworn and unauthenticated documents) (citing *Salvaggio v. Safeco Prop. & Cas Ins. Cos.*, 458 F. Supp. 2d 283, 288 n.3 (E.D. La. 2006) (Feldman, J.)). Just as importantly, however, Great West has come forward with no evidence to show that Cibulski's recovery would be limited to such amounts or that other cases involving similar injuries resulted in damage awards below such amounts. *See Allen*, 2012 WL 1118764, at * 3; *Rivere*, 2010 WL 4553521, at * 2; *Bingham*, 2008 WL 4286841, at *4; *cf. Hunter v. Sirmans*, No. 08-0043, 2008 WL 4717067, at *3 (W.D. La. Aug. 15, 2008) (adopting Report and Recommendation by U.S. Magistrate Judge).

The severity of plaintiff's injuries is unknown at this point, but plaintiff's complaint alleges that she "sustained great and severe physical and mental injuries, suffered extreme and excruciating physical pain and mental anguish." (R. Doc. No. 1-3, at ¶ 4). Plaintiff specifically alleges that she:

> (a) has been forced to endure and is continuing to endure severe pain;
>
> (b) has been forced to suffer a permanent loss of health and detriment to the body as a whole;
>
> (c) has been required to submit to x-rays, physical examinations, diagnostic tests and other manipulations of the body;
>
> (d) has been required to take numerous drugs and medications to alleviate pain and suffering;

> (e) has been forced to continue treatment to help assuage the pain and to insure proper healing and will require continued treatment for an undetermined time in the future;
>
> (f) has suffered a limitation of endurance in many activities;
>
> (g) has been forced to incur many medical and associated expenses in the past and will continue of necessity to incur many medical and associated expenses in the future;
>
> (h) has been required to endure physical therapy and will be forced to continue taking such therapy in the future;
>
> (i) has suffered a great deal of mental anguish as a result of the collision; and
>
> (j) has been required to endure many other discomforts and pain associated with the foregoing.

(R. Doc. No. 1-3, at ¶ 4).

Additionally, plaintiff seeks the following, non-exclusive damages as a result of the accident:

> (a) past, present and future physical pain, suffering and disability;
>
> (b) past, present and future mental anguish;
>
> (c) past, present and future medical expenses; and
>
> (d) any other items of damages proven at the trial of this matter.

(R. Doc. No. 1-3, at ¶ 6).

Resolving all issues of fact in favor of plaintiff, the Court cannot definitively find that there is no reasonable basis to predict that Cibulski might be able to recover against USAgencies.[15]

---

[15] The Court also notes that the Fifth Circuit has cautioned that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." As stated in *Smallwood*,

> Attempting to proceed beyond [a] summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as

Finally, to the extent that Great West argues that there is no procedural need to join USAgencies at this time other than to defeat jurisdiction, it is well-settled that "absent fraudulent [or improper] joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962); *see also* 13F Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, *Devices to Create or Destroy Diversity of Citizenship Jurisdiction—Joinder of Nondiverse Parties* § 3641.1 (3d ed. 2012). Because Great West has not demonstrated that USAgencies was improperly joined as a defendant, this case must be remanded for lack of subject matter jurisdiction.

## II. Attorney's Fees and Costs

Cibulski requests that the Court award her attorney's fees and costs incurred as a result of Great West's removal of this case. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The U.S. Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* at 141.

---

> distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Smallwood*, 385 F.3d at 573-74. Great West has not shown that it could carry its burden without engaging in protracted discovery and an impermissible resolution of disputed merits issues. Further, as noted by plaintiff, the Court should not "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)).

Although the Court has found that the case must be remanded for lack of subject matter jurisdiction, the Court must "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).  In light of this standard, the Court does not find that an award of attorney's fees or costs is appropriate in this case.

Accordingly,

**IT IS ORDERED** that the above-captioned matter is **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's request for attorney's fees and costs is **DENIED**.

New Orleans, Louisiana, March 11, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**